UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br>  Plaintiff,<br>v.<br>K. SIRWET-BINNING, et al.,<br>  Defendants. | Case No. 20-05542 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state inmate at the Correctional Training Facility ("CTF") in Soledad, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officers at CTF. Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that on January 26, 2018, he received a Rules Violation Report ("RVR") for "Refusing to Accept Assigned Housing-Delaying a Peace Officer." Dkt. No. 1 at 8. On January 31, 2018, he appeared at a disciplinary hearing before Defendant Greer who denied his request for witnesses to be present "for no legitimate penological reasons." *Id.* Plaintiff was found guilty and assessed 30 days loss of various privileges and 61 days loss of good time credits. *Id.* at 9. Plaintiff appealed, and the RVR was reissued and reheard. *Id.* at 10. Plaintiff appeared at a rehearing before Defendant White, who denied witnesses and found Plaintiff guilty. Plaintiff again appealed, and was granted another rehearing. Plaintiff appeared at a rehearing before Defendant Sirwet-Binning, who also found Plaintiff guilty without granting him witnesses. Plaintiff again appealed, and another hearing was granted. On October 8, 2019, the RVR was voided, the 61 days loss of good time/work credits were restored, and Plaintiff was notified that no further administrative actions would be taken on the RVR. *Id.* at 13. Plaintiff seeks declaratory and injunctive relief as well as damages. *Id.* at 15-16.

Taking all the allegations as true, Plaintiff fails to state a claim for relief. Violation of procedural due process rights requires only procedural correction and not a reinstatement of the substantive right. *See Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991). If the procedurally protected liberty interest of which the prisoner is deprived during the disciplinary process is restored during the prison administrative appeal process,

2

the prisoner does not have a due process claim. *See Frank v. Schultz*, 808 F.3d 762, 763-64 (9th Cir. 2015) (summary judgment properly granted to defendants on due process claim where prisoner filed a successful administrative appeal which led to the removal of the incident report from his file and the forfeited credits were restored). Here, Plaintiff's allegations clearly indicate that any procedural error was corrected through the administrative appeal process, and he ultimately did not lose any good time credits. Accordingly, this due process claim should be dismissed for failure to state a claim.

Plaintiff also claims that his right to equal protection was violated because he was denied his requested witnesses while other prisoners were afforded witnesses at their RVR hearings. Dkt. No. 1 at 14. However, Plaintiff fails to state sufficient facts to state an equal protection claim. When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); *Timm v. Gunter*, 917 F.2d 1093, 1099 (8th Cir. 1990) (same). The first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The class must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* at 1031 (affirming district court's grant of defendants' motion for summary judgment because inmate failed to raise triable issue of fact that he was treated differently than any other inmate whom the officers did not know was entitled to a vegetarian meal). Here, Plaintiff makes no allegation with respect to what class of prisoners he belongs and how the treatment he received was invidiously dissimilar to that received by other inmates. Plaintiff shall be afforded one opportunity to file an amended complaint to attempt to allege sufficient facts to state a cognizable equal protection claim.

# CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's due process claim is **DISMISSED with prejudice** for failure to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1),(2).

2. Plaintiff's equal protection claim is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to state sufficient facts to state an equal protection claim as described above. *See supra* at 3. The amended complaint must include the caption and civil case number used in this order, Case No. C 20-05542 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**3. Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: _January 6, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and Leave to Amend
PRO-SE\BLF\CR.20\05542Smith_dwlta

4